■ SONIA AGRON et al., Plaintiffs, v RESPONSE VEHICLE, INC., et al., Defendants. WHEELED COACH INDUSTRIES, Sued Herein as WHEELED COACH CORP., Third-Party Plaintiff-Appellant, v CITY OF NEW YORK et al., Third-Party Defendants-Respondents. (And Other Actions.) [674 NYS2d 677] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered April 29, 1997, which, *inter alia*, denied third-party plaintiff-appellant's motion to strike the answer of third-party defendant-respondent New York City (City), unanimously modified, on the law, the facts and in the exercise of discretion, to grant the motion and strike the answer unless, within 45 days of the date of this order, the City pays costs to appellant in the amount of $1,500, and otherwise affirmed, with costs payable to third-party plaintiff.

The behavior of the City in inexcusably failing to appear at a deposition in this multi-defendant matter at which attorneys for virtually all of the other parties appeared, after the deposition had been rescheduled specifically at the City's request, was not only in flagrant violation of the court's discovery order but was, quite simply, indefensibly rude. While the question of whether or not to impose the severe penalty of striking pleadings and precluding evidence pursuant to CPLR 3126 is generally left to the discretion of the trial court (*Cherry v Herbert & Co.*, 212 AD2d 203, 209), in this matter, we find that appellant deserves at the very least to be awarded costs to compensate it for the time so cavalierly wasted by the City.

The court's modification of its prior order requiring the production of documents was a permissible exercise of its power to supervise discovery. Since the necessity of such production was made contingent on the deposition testimony of the ambulance driver, and since, albeit after extensive delay, that testimony has now been made available, the trial court should properly decide whether appellant's entitlement to the documents has been affected by the content of that testimony. We note, however, that, at least on the record before us, the testimony of the ambulance driver as to whether he noticed any mechanical failure does not appear to be relevant to the claims against appellant, which are essentially grounded in products liability and concern alleged defects in the seatbelt and the spotlight inside the ambulance rather than any alleged mechanical breakdown of the ambulance itself. Concur—Rosenberger, J. P., Ellerin, Nardelli and Wallach, JJ.